*696 OPINION.
Littleton:
Counsel for petitioner contends that the taxable income for the 15-month period, October 1, 1919, to December 31, 1920, “ should be prorated on the basis of twelve-fifteenths of the net taxable income for the year 1920 and three-fifteenths taxable for the period October 1 to December 31, 1919, or it should be computed after it has been prorated on the basis of 12 months ending September 30, 1920, and on the period of 3 months ending December 31, 1920.” Petitioner has furnished no evidence as to what portion of the income for the 15-month period ending December 31, 1920, was earned during the period October 1 to December 31, 1919, nor has it ihtroduced any evidence to show upon what basis and in what manner the allocation made by the Commissioner of which it complains was made. The mere statement by counsel that the income should be allocated in a certain manner is not enough. It has not been shown that the Commissioner erred in this regard and his determination is approved.
The evidence submitted is insufficient to support petitioner’s claim for additional invested capital of $14,000 in respect of the common stock issued. The error assigned by petitioner in this regard is that the Commissioner erred “ in not including in statutory invested capital, capital stock issued January 6, 1920, in the amount of $14,000, which was paid for by notes of the persons to whom issued.” The evidence is to the effect that common capital stock in the total amount of $14,000 was issued between October 1, 1919, and January 1, 1920, to Whitman and Douglas for cash and “ for money due Mr. Whitman and myself on salaries ” and that none of the common stock mentioned was issued for notes. We have no way of knowing just what the situation is. The deficiency letter shows that the Commissioner started his computation of the invested capital for the year 1920 with the amount *697 of $12,000, as shown by the books. We have no information as to what that $12,000 represented. It may have represented $12,000 of the $14,000 of common stock issued or it may have represented the total amount paid for the entire $14,000 in common stock issued to Whitman and Douglas “ for cash and salaries.” We can not speculate in this regard and we therefore affirm the Commissioner’s determination as to the invested capital issue.
The evidence fails to convince us that the petitioner’s automobiles had a useful life of only two years and we approve the Commissioner’s allowance for the depreciation thereon at the rate of 25 per cent per annum.

Judgment will be entered for the respondent.

Considered by Smith and Love.